UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GEORGE H. NASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-0903 |
| ) | Judge Bryant |
| UNITED STATES ATTORNEY'S OFFICE ) | |
| FOR THE MIDDLE DISTRICT OF ) | |
| TENNESSEE, ET AL., ) | |
| ) | |
| Defendants. ) | |

To:   The Honorable Aleta A. Trauger, United States District Judge

REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned RECOMMENDS that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) for frivolity and/or for failure to state a claim on which relief may be granted, and that the plaintiff's pending motions (Docket Entry Nos. 5 and 6) be denied as moot. The undersigned further RECOMMENDS that any appeal NOT be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

I.  INTRODUCTION
AND
BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) the United States Attorney's Office for the Middle District of Tennessee; 2) former United States Attorney for the Middle District of Tennessee, James K. Vines; 3) Assistant United States Attorney, William M. Cohen ("AUSA Cohen"); 4) C&S Heating, Air & Electrical, Inc. of Nashville ("C&S"); 5) O'Brien Heating & Cooling, Inc. of Nashville ("O'Brien"); 6) Floor Covering, Inc. of Nashville; and 7) Church Street Condominium units 1, and 5 through 14, located at 179 8th Avenue in Nashville ("the properties"), being sued *in rem*.

A civil forfeiture proceeding was initiated in July 2002 against the properties, owned at the time by the plaintiff. *United States v. 179 8th Avenue North, et al.*, Case No. 3:02-0727 (M.D. Tenn. Apr. 20, 2005)(Trauger, J.).[1] Although the plaintiff sought to block the proceedings, *Id*. at (Docket Entry No. 54), the Court nevertheless ordered the forfeiture and sale of the properties, *Id*. at (Docket Entry No. 62). The plaintiff brought this action under § 1983 seeking money damages against the named defendants and replevin of the properties.

The Court referred this action to the Magistrate Judge on September 20, 2006 for a frivolity review, case management, decisions on all pretrial nondispositive motions, to enter a report and recommendation (R&R) on all dispositive motions, and to conduct such other proceedings as might be necessary. (Docket Entry No. 3) This case was transferred to the undersigned on October 2, 2006. (Docket Entry No. 4)

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

---

[1] References to the initial forfeiture proceeding use the following convention: Case No. 3:02-0727 (Docket Entry No. X), where "X" is the docket entry to which reference is being made. References to the docket in the instant action use the following convention: (Docket Entry No. X), where "X" is, once again, the docket entry to which reference is being made. The case number is not cited.

Although *pro se* complaints are to be construed liberally by the court,[2] *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

## A. Plaintiff's Claims Under 42 U.S.C. § 1983

The plaintiff specifically brought this action under § 1983. Section 1983 pertains to violations of the Constitution and/or laws of the United States committed by <u>state</u> actors. However, the claims in the instant case allege violations of the Constitution and/or laws of the United States by <u>federal</u> actors. Therefore, the plaintiff's claim for relief arises under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) rather than § 1983.

The Court is not required to liberally construe an action as being brought under *Bivens* where, as here, the plaintiff clearly files the case under § 1983.[3] *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003)(there is no authority that requires the courts to convert a § 1983 claim asserted against federal officials into a *Bivens* action). Accordingly, the plaintiff's complaint should

---

[2] The record in the forfeiture proceeding shows that the plaintiff was, or had been, a licensed attorney. Case No. 3:02-0727 (Docket Entry No. 1, Attach. B, p. 1).

[3] The plaintiff did not use a § 1983 form complaint. Instead, the plaintiff drafted his 15-count complaint using a form of his own creation.

3

be dismissed for failure to state a claim on which relief may be granted.

The following analysis is provided in the event it is determined that this action should be liberally construed as having been brought under *Bivens*.

### B. Plaintiff's Claims Under *Bivens*

Analysis under *Bivens* is identical to that under § 1983, *supra* at p. 2, the only difference being that *Bivens* pertains to federal actors. *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001)(collecting cases in support of the proposition).

#### 1. Statute of Limitations

As previously established, the forfeiture proceeding that resulted in the forfeiture and sale of the properties was litigated in Case No. 3:07-0727. The undersigned takes judicial notice that the plaintiff was aware of the forfeiture proceeding at least as early as May 9, 2003 (see n. 5 *infra* at p. 5) when he filed a motion to consolidate Case No. 3:02-0727 with another case, *United States v. Nason*, Case No. 3:01-0455 (M.D. Tenn. Aug. 28, 2003)(Trauger, J.), and to dismiss both actions. Case No. 3:07-0727 (Docket Entry No. 44); *see Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003)(citing *Harrington v. Vandalia-Butler Bd. of Educ.*, 649 F.2d 434, 441 (6th Cir. 1981)(courts may take judicial notice of their own record in prior cases)). The record also shows that the plaintiff remained engaged in the forfeiture proceeding thereafter; *i.e.*, he filed a motion for summary judgment on September 29, 2003 alleging that "the forfeiture proceedings against the... properties [at issue] were improper . . . ." *Id.* (Docket Entry No. 54).[4] The plaintiff's motion for summary judgment was denied on February 24, 2004, *Id.* (docket Entry No. 58), following which final judgment was entered on April 20, 2005, *Id.* (Docket Entry No. 62).

As in § 1983 actions, neither the Constitution nor laws of the United States provide a statute

---

[4] The signature on each of the aforementioned documents is the same as the signature on the complaint in the instant action.

4

of limitations for claims arising under *Bivens*. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005)(citing *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987)). Instead, federal courts apply the applicable state personal injury statute of limitations in *Bivens* actions. *Harris*, 422 F.3d at 331 (quoting *Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985)). The statute of limitations for personal injury actions arising in Tennessee is one year. *See* Tenn. Code Ann. § 28-3-104(a)(3); *Merriweather v. City of Memphis*, 109 F.3d 396, 398 (6th Cir. 1997); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)(citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

Although it can be argued that plaintiff knew or had reason to know of the "injury" that is the basis of this action by May 9, 2003,[5] when he filed his motion to consolidate and dismiss in Case No. 3:02-0727, clearly he was on notice by April 20, 2005, when the final judgment was entered in that case. His complaint in this action was not filed until September 20, 2006, five months after the one-year limitations period expired.

The statute of limitations may be tolled in actions alleging civil rights violations. *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). In that regard, the Supreme Court has recognized the doctrine of equitable tolling in civil rights cases, holding that statutory filing deadlines "should not be construed to erect a jurisdictional prerequisite to suit in the district court." *Zipes v.*

---

[5] The record in the forfeiture proceeding shows that a Temporary Restraining Order, entered to prevent the plaintiff and others from disposing of any of the properties, "was served" on the plaintiff on May 22, 2001, at which time the plaintiff was "required to turn over keys to the residences that were subjects of the Order to allow for inspection, accounting and safeguarding." Case No. 3:02-0727 (Docket Entry No. 1, Attach B, p. 4). From this it is apparent that the plaintiff had, at the very least, constructive notice of the forfeiture proceeding as early as May 22, 2001. The record in the forfeiture proceeding also shows that the plaintiff failed to appear for a hearing on the matter held on May 31, 2001, and that he left the Nashville area in June 2001. *Id*. (Docket Entry No. 1, Attach. B, pp. 4-5).

5

*Transworld Airlines, Inc.*, 455 U.S. 384, 397 (1982). Rather, statutory filing deadlines are more analogous to limitations statutes that are "subject to waiver as well as tolling when equity so requires . . . ." *Id.* at 398. Whether courts apply equitable tolling depends on an analysis of the following factors: 1) lack of actual notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; 5) reasonableness of a plaintiff remaining ignorant of the filing requirement. *Andrews*, 851 F.2d at 151 (citing *Wright v. State of Tenn.*, 628 F.2d 949, 953 (6th Cir. 1980)).

The plaintiff does not assert that the doctrine of equitable tolling should be applied in this case, nor can such an argument be liberally construed from the complaint. Moreover, although the plaintiff alleges that he did not receive "proper notice of the proposed forfeiture action" (Docket Entry No. 1, ¶ 21), for the reasons explained *supra* at pp. 4-5 and n. 5, and *infra* at p. 10 and n. 7, the plaintiff had ample notice of the forfeiture proceeding and sale to bring the instant action within the one-year statute of limitations. For these reasons, and for the reasons explained *supra* at p. 3 n. 2, the undersigned concludes equitable tolling should not be applied in the instant case.

Because the plaintiff's complaint was filed beyond the one-year statute of limitations, his case lacks an arguable basis in law or fact. Therefore, this action should be dismissed as frivolous. *Day v. E.I. Du Pont De Nemours and Co.*, 1998 WL 669939 at * 1(6th Cir. Sept. 17, 1998)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)("sua sponte dismissal of an in forma pauperis complaint is appropriate [under § 1915(e)(2)] where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face"); *Dellis v. Corrections Corp. Of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)(claims barred by the statute of limitations are frivolous).

The following further analysis is provided in the event it is deemed that the doctrine of equitable tolling ought to be applied in the instant case.

6

Case 3:06-cv-00903   Document 7   Filed 02/27/07   Page 6 of 13 PageID #: 34

### 2. Plaintiff's Claims Against the Named Defendants

#### a. *Defendant United States Attorney's Office for the Middle District of Tennessee*

The plaintiff alleges that the United States Attorney's Office, "through its agents James K. Vines and William M. Cohen filed . . . a Civil Complaint for Forfeiture of the . . . property" at issue. (Docket Entry No. 1, ¶ 8) The plaintiff further alleges that the United States Attorney's Office published notice of the action in the Nashville Free Press knowing that his family lived in Franklin and would not see the notice, and that notice of the action was mailed to the plaintiff's post office box in Franklin knowing that he was in Rio De Janerio, Brazil. (Complaint, ¶¶ 10-11) Finally, the plaintiff alleges that the United States Attorney's Office overpaid defendants C&S, O'Brien, and Floor Covering, Inc. out of the proceeds of the forfeiture sale for services that these defendants rendered under contract to the plaintiff. (Docket Entry No. 1, ¶¶ 45-60)

If in naming the United States Attorney's Office as a defendant the plaintiff intended to sue the actual office of the United States Attorney, no relief will lie under *Bivens* for such a claim. *See Petty v. County of Franklin, Ohio*, ___ F.3d ___, 2007 WL 487003 (6th Cir. Feb. 1, 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(both cases standing for the proposition that a law enforcement <u>office</u> is not a person for purposes of *Bivens*).[6] If in naming the United States Attorney's Office as a defendant the plaintiff intended to sue the Attorney General of the United States, his action is barred by the doctrine of absolute immunity. *See Blakely v. United States*, 276 F.3d 853, (6th Cir. 2002). Finally, if in naming the United States Attorney's Office as a defendant the plaintiff intended to sue the Department of Justice, such claims will not lie against a federal agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-486 (1994).

---

[6] The two cases cited are § 1983 cases. As previously noted, however, analysis under *Bivens* and § 1983 are identical.

7

As reasoned above, the plaintiff's claim against the United States Attorney's Office for the Middle District of Tennessee lacks an arguable basis in law or fact. Therefore, this claim should be dismissed as frivolous.

### b. *Former United States Attorney Vines*

The plaintiff alleges that former United States Attorney Vines filed the civil complaint for forfeiture of the properties in this case. (Docket Entry No. 1, ¶ 8) Notwithstanding this allegation, former United States Attorney Vines' signature does not appear anywhere in the record of the forfeiture proceeding that gave rise to this action. Moreover, the plaintiff does not allege, nor can it be liberally construed from the complaint, that apart from holding the office, former United States Attorney Vines was personally involved in the forfeiture proceeding.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id*. Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594 (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)).

Because the plaintiff fails to make any specific factual allegations against former United States Attorney Vines, the plaintiff's claim against him is conclusory. Conclusory pleadings are insufficient and subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

Looking beyond the conclusory nature of this claim, it could be that the plaintiff's legal theory is that former United States Attorney Vines is liable under the doctrine of *respondeat superior*; *i.e.,* for the acts and/or omissions of those in his charge. However, the law is settled that the doctrine of *respondeat superior* will not provide grounds for liability in a *Bivens* action, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95, 98 (1978); *Jones v. City of Memphis*, 586 F.2d 622, 624 (6th Cir. 1978), unless the plaintiff establishes that the defendant condoned, encouraged, and/or knowingly acquiesced in the alleged unconstitutional conduct of those in his charge, *see Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Because the plaintiff has not made any such allegations, and because such allegations cannot be liberally construed from the complaint, former United States Attorney Vines is not liable to the plaintiff under the doctrine of *respondeat superior*.

As reasoned above, the plaintiff's claim against former United States Attorney Vines lacks an arguable basis in law or fact. Therefore, this claim should be dismissed as frivolous.

c. *Assistant United States Attorney Cohen*

The plaintiff alleges that AUSA Cohen filed the civil complaint for forfeiture of the properties. (Docket Entry No. 1, ¶ 8) The plaintiff also alleges that AUSA Cohen was aware as early as February 20, 2002 that the plaintiff was living in Rio De Janerio, but that he made no effort to serve notice of the forfeiture proceeding on the plaintiff in Brazil. (Docket Entry No. 1, ¶ 16)

The record in the forfeiture proceeding shows that AUSA Cohen did, in fact, represent the federal government in Case No. 3:02-0727. Assuming for the sake of discussion that the plaintiff's allegations against AUSA Cohen are true, and assuming for the sake of argument that AUSA Cohen was required to serve notice of the forfeiture proceeding on the plaintiff in Brazil,[7] the law is well

---

[7] The undersigned notes for the record that the issue of notice was previously determined by the Court in Case No. 3:02-0727. In that case, the plaintiff argued that he had not received notice of the forfeiture proceeding. Case No. 3:02-0727 (Docket Entry No. 56, ¶ 6). The Court disagreed, finding that he had. *Id*. (Docket Entry No. 58, pp. 4-7). Nowhere in Case No. 3:02-0727 did the plaintiff plead any of the facts that he alleges in the instant action with respect

9

established that absolute prosecutorial immunity extends to federal prosecutors involved in civil forfeiture proceedings. *Blakely*, 276 F.3d at 871 (citing *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000)). Specifically, absolute prosecutorial immunity "extends to those activities that occur in the prosecutor's role as advocate for the government." *Id*.

There is nothing in the complaint, nor can anything be liberally construed from the complaint, that AUSA Cohen's alleged actions occurred outside of the scope of his prosecutorial duties. Therefore, AUSA Cohen is entitled to absolute prosecutorial immunity.

As reasoned above, the plaintiff's claim against AUSA Cohen lacks an arguable basis in law or fact. Therefore, this claim should be dismissed as frivolous.

### d. *Defendants C&S, O'Brien, and Floor Covering, Inc.*

The plaintiff alleges that C&S, O'Brien, and Floor Covering, Inc. entered into contracts with the plaintiff to perform electrical, heating, air conditioning, and flooring work on the properties. (Docket Entry No. 1, ¶¶ 45-60) The plaintiff alleges that each of these defendants submitted claims to and received overpayments from the United States Attorney's Office.

The Sixth Circuit has held that private actors who cause constitutional injuries may be held liable under *Bivens*, but only if their conduct is "so related to the federal government that they can be regarded as federal agents or actors"; *i.e.*, that they acted under color of federal law. *See Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001); *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698-99 (6th Cir. 1996)).

Private parties, such as these three defendants, who file claims in a federal forfeiture proceeding do not become federal actors merely by seeking to be made whole in those federal

---

to the issue of notice. Because the Court decided the issue of notice on the merits in Case No. 3:02-0727, and because final judgment entered in that case, the plaintiff's new/revised notice argument in this action is barred by the doctrine of *res judicata*.

proceedings. Similarly, private parties who receive compensation pursuant to a federal forfeiture proceeding do not become federal actors just because they receive all or part of the compensation sought. Finally, if private parties submit false claims in a federal forfeiture proceeding, and are unjustly enriched as a result, such fraudulent conduct does not transform those private parties into federal actors.

For the reasons stated above, the plaintiff cannot establish the second part of the two-part test under *Bivens* with respect to C&S, O'Brien, and Floor Covering, Inc.; *i.e.*, that they were federal actors for purposes of *Bivens*. Because the plaintiff cannot satisfy the second part of the two-part test under *Bivens* as to these defendants, there is no need to address the first part.

For the reasons explained above, the plaintiff's claims against these three defendants lack an arguable basis in law or fact. Therefore, these claims should be dismissed as frivolous.

### 3. Plaintiff's Replevin Claim

The plaintiff seeks to recover the properties. (Docket Entry No. 1, ¶¶ 22-44) As previously established, to state a claim under *Bivens*, the plaintiff must establish that a federal actor violated his rights under the Constitution or laws of the United States.

It is clear from the record in the forfeiture proceeding that federal officials named in the instant action were acting under the color of federal law. The question remains whether the plaintiff's rights under the Constitution or laws of the United States were violated because the properties were ordered forfeit and sold.

The only constitutional violation that the plaintiff alleges regarding the sale of the properties is that his due process right to notice was violated. For the reasons previously explained, *supra* at p. 10 n.7, the plaintiff's notice claim in this action is barred by the doctrine of *res judicata*. Moreover, no additional alleged violations of the Constitution or laws of the United States can be

11

liberally construed from the complaint. For both of these reasons, the plaintiff fails to satisfy the first part of the two-part test under *Bivens* as to this claim.

Finally, the undersigned notes that the properties were forfeit under 18 U.S.C. § 981(a)(1)(c). Case No. 3:02-0727 (Docket Entry No. 1, p. 1). "A motion filed under [18 U.S.C. § 983] shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id.* at § (e)(5). The Sixth Circuit noted in a similar forfeiture case under the Internal Revenue Code that "[t]he Supreme Court has repeatedly held that . . . a meaningful post-deprivation remedy will satisfy the Due Process Clause." *Fishburn v. Brown*, 125 F.3d 979, 983 (6th Cir. 1997). The Sixth Circuit went on to say that, when Congress creates a statutory post-deprivation remedy to which a plaintiff is required to avail himself, but fails to do so, the plaintiff does not have an actionable claim under *Bivens*. *Id.*

A review of the record in Case No. 3:02-0727 shows that the plaintiff did not file a § 983(e)(5) motion in those proceedings. Neither has the plaintiff alleged in these proceedings that his post-deprivation remedies under § 983(e)(5) are inadequate to redress the alleged wrong. Consequently, the plaintiff is not entitled to relief under *Bivens* for these reasons as well.

For the reasons stated above, the plaintiff's replevin claim lacks an arguable basis in law or fact. Therefore, it should be dismissed as frivolous.

### III. RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) for frivolity and/or for failure to state a claim on which relief may be granted, and that the plaintiff's pending motions (Docket Entry Nos. 5 and 6) be denied as moot. The undersigned further RECOMMENDS that any appeal NOT be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this the 27th day of February, 2007.

s/ John S. Bryant
John S. Bryant
U.S. Magistrate Judge